

# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. S. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES B. WALKER
DAVID WILLIFORD

0-33

January 9, 1939

Mr. Guy Turner
County Auditor
Denton, Texas

Dear Sir:

> Opinion No. 0-33
> Re: Notary Public - Two Offices

Your request for an opinion on the question:

> "Can the Tax Assessor-Collector
> or his deputies legally qualify as a
> Notary Public?"

has been received by this office.

Article 16, Section 40, Constitution of Texas, as amended, adopted election November 8, 1932, is as follows:

> "No person shall hold or exercise,
> at the same time, more than one Civil
> Office of emolument, except that of
> Justice of Peace, County Commissioner,
> Notary Public and Postmaster, Officer
> of the National Guard, the National
> Guard Reserve, and the Officers Reserve
> Corps of the United States and enlisted
> men of the National Guard, the National
> Guard Reserve, and the Organized Re-
> serves of the United States, and retired
> officers of the United States Army, Navy,
> and Marine Corps, unless otherwise spe-
> cially provided herein.  Provided, that
> nothing in this Constitution shall be
> construed to prohibit an officer or en-
> listed men of the National Guard, and
> the National Guard Reserve, or an offi-

ocr in the Officers Reserve Corps
of the United States, or an enlisted
man in the Organized Reserves of the
United States; or retired officers of
the United States Army, Navy, and Marine
Corps, and retired warrant officers, and
retired enlisted men of the United States
Army, Navy, and Marine Corps, from holding
in conjunction with such office any other
office or position of honor, trust or
profit, under this state or the United
States, or from voting at any Election;
General, Special or Primary, in this State
when otherwise qualified. (Sec. 40, Art.
16, adopted election Nov. 8, 1932.)

In the case of Gaal vs. Townsend, 14 SW, 205,
holds:

"Any of the offices named in the ex-
ception may be held with any other office
whether named in the exception or not."

The case of Figures vs. State, 99 SW, 4112,
holds:

"County Attorney may be a Notary
Public also."

On June 1, 1927, this department held, in an
opinion written by Hon. H. Grady Chandler, Assistant
Attorney General, that a County Judge is not disquali-
fied from holding the offices of County Judge and Notary
Public at the same time.

On April 27, 1931, this department held, in
an opinion by Hon. Everett F. Johnson, Assistant Attor-
ney General, that the office of County Clerk is incom-
patible with the office of Notary Public and that a
person holding the office of County Clerk could not at
the same time hold office of Notary Public.

On February 12, 1935, this department held,
in the opinion by Hon. Joe J. Alsup, Assistant Attorney
General, that the offices of Notary Public and Tax

Mr. Guy Turner, January 9, 1939, Page 3


Collector were not incompatible. A copy of this opinion is enclosed. This department concurs with this opinion.

Therefore, you are respectfully advised that it is the opinion of this department that the Tax Assessor-Collector and his deputies are not prohibited by law from holding the office of Notary Public while holding their offices of Tax Assessor-Collector or as deputies of such office.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By

Assistant


WJF:AW

ENCLOSURE

APPROVED:

ATTORNEY GENERAL OF TEXAS